[DO NOT PUBLISH]

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11297

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JENNIFER CASTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cr-60350-WPD-2

_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Jennifer Castro appeals the denial of her motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). She argues that the district court abused its discretion in denying her motion by finding that she failed to establish that she had been sexually abused without holding an evidentiary hearing, improperly disregarding sexual abuse as a factor establishing extraordinary and compelling circumstances, United States Sentencing Guidelines Manual § 1B1.13(b)(4), (b)(5) (Nov. 2023), and giving insufficient weight to her rehabilitation efforts. The government responds by moving for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the denial of an eligible prisoner's motion for compassionate release for abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

A district court may grant compassionate release for extraordinary and compelling reasons if a sentencing reduction would be

consistent with the applicable policy statements and the statutory sentencing factors, 18 U.S.C. § 3553(a), weigh in favor of a reduction. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The absence of even one condition forecloses a sentence reduction. *Id.* at 1237–38. The weight given to each statutory sentencing factor is "committed to the sound discretion of the district court." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). A district court need not analyze every factor but abuses its discretion when it decides the motion without considering the applicable factors. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).

The district court did not abuse its discretion in denying Castro's motion for compassionate release. It stated it considered the statutory sentencing factors and that it afforded more weight to some factors than others. *See id.* It stated that it would not exercise its discretion to grant relief even if Castro had established that she had been sexually abused, because doing so "would not promote respect for the law or act as a deterrent." *See* 18 U.S.C. § 3553(a)(2)(A), (B). The district court also noted that "being a decent prisoner" did "not cancel the heinousness of her crime," such that it weighed the seriousness of her conduct in sex trafficking a minor more heavily than evidence of her post-sentencing rehabilitation. *Id.* § 3553(a)(2)(A). And by listing her current and prior convictions, the district court considered both the nature and circumstances of the instant offense and Castro's history and characteristics. *Id.* § 3553(a)(1). The district court was well within its discretion to decide how much weight to afford the relevant statutory sentencing factors. *See Butler*, 39 F.4th at 1355.

Whether Castro established extraordinary and compelling reasons for release based on her sexual abuse and her rehabilitation efforts while incarcerated is immaterial because the district court did not abuse its discretion in finding that the statutory sentencing factors did not warrant early release, and that finding alone was sufficient to preclude relief. *See Tinker*, 14 F.4th at 1237–38. Because the government's position is clearly correct as a matter of law, we **GRANT** its motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**